THOMAS, Judge,
concurring specially.
I concur with the conclusion in the main opinion that our legislature’s use of the term “physical or vocational rehabilitation” in Ala.Code 1975, § 25-5-57(a)(4)d., does not encompass psychological or psychiatric treatment and therefore that the trial court was not precluded from finding Me-inhardt to be permanently and totally disabled.
I also concur as to the application of Ala.Code 1975, § 25~5-77(b), under the facts of the present case. Had Meinhardt herself testified regarding the reasons she discontinued her psychological treatment or if Dr. Wilkerson had testified that Me-inhardt had more fully explained her absence from treatment to him or that certain actions she had taken definitively proved that Meinhardt’s decision to discontinue treatment was motivated by the reasons Dr. Wilkerson discussed in his deposition, I believe the outcome of this case might have been different. However, Dr. Wilkerson’s testimony about the myriad reasons Meinhardt might have discontinued treatment is not based on any statements made or specific actions taken by Meinhardt. Dr. Wilkerson expressly stated in his deposition that he did not ask Meinhardt why she had discontinued treatment for the 18-month period; the only statement Meinhardt made to him regarding her absence from treatment was that she did not like taking medication. I conclude that Saad’s proved that Meinhardt’s discontinuance of treatment was unreasonable when it demonstrated that she had given no reason to adequately explain her decision to discontinue treatment; therefore, I concur to reverse the trial court’s judgment insofar as it is based on finding that Meinhardt’s discontinuing her treatment was reasonable because that finding is not supported by substantial evidence.